IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Andrea J. Sloan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11-cv-502 |
| ) | (GBL/IDD) |
| Epaphrodite Uwimana, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Andrea J. Sloan's Motion for Attorney's Fees and Expenses (Dkt. No. 22), and Addendum to her Motion for Summary Judgment (Dkt. No. 30). This is a suit to enforce an I-864 Affidavit of Support under 8 U.S.C. § 1183(c) by the guardian and conservator of a sponsored alien.

There are two issues before the Court. The first issue is whether Plaintiff Sloan's requested attorney's fees for litigating her claim to enforce the I-864 Affidavit of Support against Defendant Epaphrodite Uwimana represent a reasonable number of hours at a reasonable rate. The second issue is whether the Court should award Plaintiff the relief requested in the Addendum to her Motion for Summary Judgment for expenses incurred by her ward during 2011.

First, the Court grants Plaintiff's Motion for Attorney's Fees and Expenses because Plaintiff provided (1) documentation of a reasonable number of hours spent working on her successful claim and (2) sufficient evidence of the reasonableness of her requested rate to support an award of attorney's fees in the amount of $15,540.00. Second, the Court awards

Plaintiff $8,848.45 because she provided proper documentation of debts associated with the care of her ward Rachel Nyirahabiyambere in 2011, as required by the Court's Order on Plaintiff's Motion for Summary Judgment entered on September 20, 2011.

## I.   Background

This case is about the enforcement of an I-864 Affidavit of Support executed by Defendant Epaphrodite Uwimana, which required him to provide financial support to his mother, an immigrant from Rwanda. Rachel Nyirahabiyambere, the now deceased ward of Plaintiff Andrea Sloan, immigrated to the United States in 2008 when her son, Uwimana, sponsored her admission pursuant to 8 U.S.C. § 1183(a)(1)(A). Section 1183(a)(1) permits an alien who is likely to become a public charge to be eligible for admission to the United States by having a sponsor agree to provide financial support to the individual. In signing an I-864 Affidavit of Support, the sponsor "agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the federal poverty line." 8 U.S.C. § 1183(a)(1)(A) (2010). The I-864 is legally enforceable against the sponsor by the sponsored alien and, in signing the form, the sponsor agrees to submit to the jurisdiction of any federal or state court. 8 U.S.C. § 1183(a)(1)(A).

In April of 2010, Nyirahabiyambere suffered from a stroke that left her in an unresponsive state and, as such, unable to earn an income. On April 27, 2010, the Circuit Court of the City of Alexandria found Nyirahabiyambere to be indigent, triggering her sponsor's financial liability to support her. Nyirahabiyambere remained hospitalized from April 2, 2010, until January 10, 2011, at which point she was moved to a nursing facility.

During this time, on December 28, 2010, the Circuit Court of Alexandria appointed Plaintiff Andrea Sloan guardian and conservator of Nyirahabiyambere. On May 10, 2011,

2

Plaintiff brought suit in this Court to enforce the I-864 against Epaphrodite Uwimana and Jerome Ndayishimiye, another son of Nyirahabiyambere, to recover the costs of Nyirahabiyambere's care. On September 16, 2011, the Court granted Plaintiff's Motion for Summary Judgment as to the claim against Uwimana and denied the Motion as to the claim against Ndayishimiye. In support of her Motion for Summary Judgment, Plaintiff submitted proper documentation of the costs associated with Nyirahabiyambere's care incurred between April 2, 2010, and December 31, 2010, but did not submit documentation of expenses incurred between January 1, 2011, and Nyirahabiyambere's death on August 26, 2011.

On September 16, 2011, the Court granted Plaintiff's Motion for Summary Judgment, ordering Defendant to pay expenses owed under 8 U.S.C. § 1183(c) for support provided in 2010. The Court authorized Plaintiff's recovery for the amount owed under the I-864 in 2011 as well as an award of attorney's fees. The Court directed Plaintiff to provide proper documentation of expenses incurred by Nyirahabiyambere in 2011 and proper documentation of attorney's fees.

On November 2, 2011, Plaintiff filed her Motion for Attorney's Fees requesting fees in the amount of $10,540.00 and an Addendum to her Motion for Summary Judgment requesting an award of $8,848.45, under the I-864 Affidavit of Support, for expenses incurred during 2011. (Dkt. Nos. 22, 23, 24.) In support of her Motion for Attorney's Fees, Plaintiff, an attorney with 22 years of experience, submitted the affidavit of attorney Anabelle B. Filbert and a copy of the Laffey Matrix. Plaintiff's Addendum to her Motion for Summary Judgment includes documentation of payments by Georgetown Hospital to Knollwood Manor for the care of Rachel Nyirahabiyambere, invoices from Knollwood Manor, and documentation of medications provided to Nyirahabiyambere. Plaintiff's Motion for Attorney's Fees and Addendum to Motion for Summary Judgment are now before the Court.

## II. MOTION FOR ATTORNEY'S FEES

### A. STANDARD OF REVIEW

Traditionally, under the "American Rule," parties are responsible for their attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, an exception to this rule is when an award of attorney's fees is provided by statute or a fee shifting provision in a contract. *Textron Fin. Corp. v. AIC of Manassas, Inc.*, No. 1:09cv1202, 2010 WL 2928789, at *3 (E.D. Va. 2010). To determine the appropriate amount of attorney's fees, "a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). Then, the court "subtracts the fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* at 244.

### B. ANALYSIS OF MOTION FOR ATTORNEY'S FEES

The Court grants Plaintiff Sloan's Motion for Attorney's Fees in the total amount of $15,540.00. The Court finds that Plaintiff is entitled to attorney's fees by statute and that the attorney's fees requested are for a reasonable number of hours at a reasonable rate. The Court does not need to apply a separate reduction for Plaintiff's unsuccessful claim against Jerome Ndayishimiye because the two claims were related and any time spent litigating against Ndayishimiye in addition to the prosecution of the case against Defendant Uwimana, if any, is negligible.

#### 1. Plaintiff is Entitled to Reasonable Attorney's Fees and Costs Under 8 U.S.C. § 1183(c)

Under 8 U.S.C. §1183(c), a plaintiff can recover the cost of attorney's fees associated with enforcing an I-864 Affidavit of Support. "Remedies available to enforce an

affidavit of support under this section include . . . an order for specific performance and payment of legal fees . . . ." 8 U.S.C. § 1183(c). Plaintiff Sloan successfully brought suit to enforce an I-864 Affidavit of Support before this Court and is therefore entitled to "payment of legal fees."

The Court rejects Defendant's contention that he is not liable for attorney's fees. Defendant Uwimana argues that he does not owe Plaintiff attorney's fees because he did not enter into any contractual agreement with her. This argument is misplaced. Defendant's liability does not stem from any contract entered with Plaintiff Sloan, but, rather, his liability stems from his sponsorship of his mother under the I-864 Affidavit of Support. Defendant is liable to Plaintiff Sloan because, in her capacity as guardian and conservator of Nyirahabiyambere, Plaintiff successfully brought suit to enforce the Affidavit of Support, on Nyirahabiyambere's behalf. Under §1183(c), Defendant Uwimana, as signee and sponsor, is liable for attorney's fees incurred in enforcing the I-864.

2. **Plaintiff's Lodestar Figure is Reasonable**

The Court finds that the $15,540.00 in attorney's fees requested by Plaintiff is appropriate because Plaintiff provided (1) sufficient documentation of a reasonable number of hours spent litigating her successful claim and (2) sufficient evidence as to the reasonableness of her requested rates. "In addition to the attorney's own affidavits, the fees applicant must produce satisfactory 'specific evidence of the prevailing market rates in the relevant community for the type of work for which [s]he seeks an award.'" *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987)). Specific evidence that is "sufficient to verify the prevailing market rates [includes] affidavits of other local lawyers who are familiar both with the skills of the fee applicant[] and more generally with the type of work in the relevant community." *Robinson*, 560 F.3d at 245.

The first step in establishing whether attorneys' fees are reasonable is to "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson*, 560 F.3d at 244. In determining the reasonableness of the number of hours and rate, the district court should be guided by the following twelve factors derived from the *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978), and *Johnson v. Georgia Highway Exp., Inc*, 488 F.2d 714 (4th Cir. 1989):

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44 (citing *Barber*, 577 F.2d at 226 n.28 (explaining that the Fourth Circuit has adopted the twelve factors set forth in *Johnson*, 488 F.2d 714)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

The Court finds Plaintiff Sloan's lodestar figure is reasonable because she submitted proper documentation of hours spent litigating her claim and the fee she charged is the customary fee for similar work.

*i.*     *Plaintiff Sloan Submitted a Reasonable Number of Hours Spent Litigating her Claim.*

First, the Court finds that the 44.4 hours included in Plaintiff Sloan's proposed lodestar figure is reasonable because, according to documentation submitted, the hours billed were a direct result of litigating her claim against Defendant Uwimana. Plaintiff provided a detailed

document that shows the hours expended on this suit, the dates on which she worked, and the corresponding tasks accomplished during those times. Approximately 44 hours are a reasonable number of hours spent for litigating a fairly simple claim. Further, the hours documented are tailored to each activity, often apportioned down to the tenth of the hour. This documentation is sufficient to establish the reasonableness of the number of hours upon which Plaintiff's request for attorney's fees is based.

*ii.* *Plaintiff Sloan Submitted a Reasonable Rate for her Fees.*

Second, the Court finds that the $350 per hour rate included in Plaintiff's proposed lodestar figure is reasonable because, according to the documents submitted, her rates are similar to rates for comparable work in the Northern Virginia/District of Columbia Metropolitan area. Plaintiff provided sufficient documentation to show that her requested fee approximates "the customary fee for like work," satisfying the fifth Johnson/Barber factor. *Robinson*, 560 F.3d at 243-44.

Plaintiff provided sufficient evidence establishing the reasonableness of her rates, including the Laffey Matrix and an affidavit from an immigration attorney. Plaintiff's exhibits support a finding that $350 per hour is a reasonable rate for an attorney to charge in this litigation. Plaintiff submits the following findings from the Laffey Matrix:

2006-2007 Range of Hourly Rates in Washington D.C.

| Paralegal | 1-3 [years of experience] | 4-7 [years of experience] | 8-10 [years of experience] | 11-19 [years of experience] | 20+ [years of experience] |
|---|---|---|---|---|---|
| $120 | $205 | $245 | $305 | $375 | $425 |

(Mem. Supp. Mot. Att'y's Fees at Ex. B.) The Laffey Matrix shows that Plaintiff charges less than some other attorneys with comparable experience. Additionally, Plaintiff submitted the affidavit of Ms. Anabelle B. Filbert, an attorney who specializes in immigration law and practices in the District of Columbia. Ms. Filbert's affidavit establishes that she is familiar with immigration work and that Plaintiff's requested rates are reasonable according to the prevailing market rate. Ms. Filbert attests that her own going rate is $350 and that she has been practicing since 2000.[1] Ms. Filbert's affidavit and the Laffey Matrix establish that Plaintiff's requested rate of $350 per hour is reasonable and in accordance with the prevailing market rate in the Northern Virginia/D.C. Metropolitan area.

Thus, Plaintiff's 44.4 hours of work at $350 per hour provides a lodestar figure of $15,540. The Court accepts Plaintiff's lodestar figure because it represents a reasonable number of hours worked at a reasonable rate.

3.   **No Reduction in Plaintiff's Lodestar Figure is Necessary**

The Court finds that no reduction of the lodestar figure for her unsuccessful claim against Defendant Ndayishimiye is necessary because the claims against both Defendants were the same claim. Once a court determines the reasonableness of the lodestar figure, "the 'court . . . should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Robinson*, 560 F.3d at 245 (quoting *Grissom*, 549 F.3d at 320). When successful and unsuccessful claims are related, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. This occurs when separate claims contain a "common core of facts." *Id.* Lastly, "[o]nce

---

[1] Although Ms. Filbert's rate is for her practice in Washington D.C., while Plaintiff's rate is for her practice in Northern Virginia, the difference in each attorney's experience explains the similarity in rates. Ms. Filbert has only eleven years of experience while Plaintiff has 22 years of experience. Accordingly, any difference in rates that would have been expected due to practicing in different geographical areas, Washington D.C. and Alexandria, Virginia are mitigated by the difference in each attorney's years of experience lawyering.

the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (quoting *Grissom*, 549 F.3d at 321) (alteration in original).

Here, the Court finds that the claims against both Defendants Uwimana and Ndayishimiye were unified by a common core of facts pertaining to the sponsorship of Nyirahabiyambere under 8 U.S.C. §1183(a). The hours spent on Plaintiff's successful claim against the Defendant Uwimana are difficult to isolate from her unsuccessful claim against Defendant Ndayishimye because the same claim was brought against both Defendants. A reduction is not needed for the unsuccessful claim against Defendant Ndayishimiye because any extra time Plaintiff Sloan spent litigating against him is negligible. Additionally, no reduction in fee is necessary for degree of success because Plaintiff was fully successful in asserting her claim for enforcement of the I-864. The Court's September 16, 2011 Order granted Plaintiff Sloan's request for the full relief sought against Defendant Uwimana and ordered him to pay the full amount of the requested $10,153.13, which was owed under 8 U.S.C. 1183(a)(1).

## III. PLAINTIFF'S ADDENDUM TO MOTION FOR SUMMARY JUDGMENT

The Court accepts Plaintiff's Addendum to her Motion for Summary Judgment and awards Plaintiff $8,848.45 for expenses incurred for Nyirahabiyambere's care during 2011. On September 16, 2011, the Court granted Plaintiff Sloan's Motion for Summary Judgment against Defendant Uwimana, authorizing an award for the amount owed by Defendant Uwimana during 2011 under the I-864 Affidavit of Support. The Court directed Plaintiff to provide proper documentation of expenses incurred for the care of Nyirahabiyambere in 2011. Plaintiff has since provided documentation of payments by Georgetown Hospital to Knollwood Manor for the care

of Rachel Nyirahabiyambere, invoices from Knollwood Manor, and documentation of medications provided to Nyirahabiyambere.

The Court finds this documentation sufficient to support an award of $8,848.45 against Defendant Uwimana for expenses incurred by Nyirahabiyambere in connection with her medical treatment in 2011. Under 8 U.S.C. § 1183(a)(1)(A), a I-864 sponsor is responsible for financial support of the sponsored alien in an amount not to exceed 125% of the federal poverty line. The Federal Poverty Guideline for 2011 was $10,890.00. 76 Fed. Reg. 3637-38 (Jan. 20, 2011) *available at* http://aspe.hhs.gov/poverty/11fedreg.shtml. One-hundred twenty-five percent of this amount equals $13,613.00. Nyirahabiyambere lived a total of 238 days in 2011, from January 1 until her death on August 26, which was 65% of the year. Thus, under the I-864, Nyirahabiyambere was entitled to 65% of $13,613, which amounts to $8,848.45. The Court awards this amount to Plaintiff Sloan, as guardian and conservator to Rachel Nyirahabiyambere, in addition to the $10,153.13 awarded in this Court's Order on September 20, 2011.

## IV. CONCLUSION

The Court grants Plaintiff Sloan's Motion for Attorney's Fees and Expenses and awards $15,540 in attorney's fees because Plaintiff has provided sufficient evidence that the amount she requests is reasonable. The Court also awards Plaintiff $8,848.45, the amount owed to her ward, Rachel Nyirahabiyambere in 2011 under the I-864 Affidavit of Support because Plaintiff has provided proper documentation of costs associated with the care of Nyirahabiyambere in 2011.

Accordingly, it is hereby

ORDERED Plaintiff Sloan's Motion for Attorney's Fees is GRANTED. Plaintiff Andrea J. Sloan is awarded $15,540.00 in attorney's fees against Defendant Uwimana. It is further

ORDERED that Plaintiff Andrea J. Sloan is awarded $8,848.45 under 8 U.S.C. §1183(a) against Defendant Epaphrodite Uwimana.

The Clerk of the Court shall enter judgment in favor of the Plaintiff Andrea J. Sloan and against the Defendant Epaphrodite Uwimana in the total amount of $24,388.45.

The Clerk is directed to forward a copy of this Order to Plaintiff and Defendant.

ENTERED this ____ day of April, 2012.

Alexandria, Virginia

                                                 /s/
                                  Gerald Bruce Lee
                                  United States District Judge